UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF COURT
CASE NO. 11-CV-80147

GILLETTE CONSTRUCTION SERVICE
CORP.,

    Plaintiff,

v.

SYMONS BY DAYTON SUPERIOR,
a wholly owned division of Dayton Superior Corporation,

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss or Transfer [DE 6] ("Motion"). The Court has reviewed the Motion, the Plaintiff's response [DE 12], Defendant's reply [DE 19], and is otherwise advised in the premises.

### I. BACKGROUND

On December 30, 2010, Plaintiff filed a complaint in Florida state court against Defendant. Plaintiff alleges that Defendant breached a contract between the parties. On February 4, 2011, Defendant filed its Notice of Removal [DE 1], whereby it removed the case to this Court predicated on diversity jurisdiction. One week later, Defendant filed its Motion to Dismiss or Transfer based on the forum selection clause in the parties' contract. The forum selection clause provides that "[t]he venue for any litigation and/or arbitration shall be in the County of Cook, State of Illinois." DE 1-2 at 20.

Notwithstanding the forum selection clause, Plaintiff filed its complaint in Florida. Plaintiff contends that the Court should not dismiss or transfer the case because much of the relevant evidence is in Florida and Illinois has no meaningful relationship with the litigation.

## II. DISCUSSION

"[A] motion pursuant to Rule 12(b)(3) is the proper vehicle to request dismissal of a complaint on the basis of a contractual choice of forum." Slater v. Energy Servs. Group Int'l, Inc., – F.3d –, 2011 WL 782023, at *5 (11th Cir. Mar. 8, 2011).  Here, both parties are relatively sophisticated and they agreed to resolve their disputes in Illinois. Specifically, as noted above, the parties' contract provides as follows: "The venue for any litigation and/or arbitration shall be in the County of Cook, State of Illinois."  DE 1-2 at 20 (emphasis added); cf. Slater, 2011 WL 782023, at *3 (finding the following forum selection clause mandatory rather than permissive: "'all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia.'").  Because the forum selection clause uses the term "shall," the clause is mandatory.  See id.  "Mandatory forum-selection clauses are 'presumptively valid and enforceable" absent a "strong showing that enforcement would be unfair or unreasonable under the circumstances.'"  Id. (quoting Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009)).  "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy."  Krenkel, 579 F.3d at 1281.

Here, Plaintiff does not submit that the forum selection clause was induced by fraud or overreaching.  Likewise, Plaintiff does not contend that it will be deprived of its day in court because of inconvenience or unfairness, nor does Plaintiff contend that Illinois law would deprive Plaintiff of a remedy.  Lastly, Plaintiff does not argue that

enforcement of the clause would contravene public policy.  Plaintiff, therefore, has failed to make a "strong showing" that the Court should invalidate the forum selection clause.

Instead, Plaintiff argues that dismissal is available as an enforcement mechanism only in cases where the forum-selection clause at issue designates venue in a foreign country; otherwise, Plaintiff contends, the party seeking enforcement of a domestic forum-selection clause must request a transfer to the proper venue pursuant to § 1404(a).  See DE 12 at 2.  The Eleventh Circuit, however, recently rejected that exact argument.  See Slater, 2011 WL 782023, at *5 (holding "that § 1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum-selection clause, while Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause.").  The Court, therefore, will grant Defendant's Motion to Dismiss.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss or Transfer [DE 6] is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**.  The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 29th day of March, 2011.

JAMES I. COHN
United States District Judge